McHugh, J.
“Recent contrivance” is not a ground, at least on this record, for precluding introduction of evidence at trial. Defendants’ asserted failure to mention defects and failure to document any deficiencies may provide fertile ground for cross-examination but do not prevent defendants from introducing any evidence on the subject at all. Of course, if defendants seek to introduce evidence they failed to provide before trial in response to a proper discovery request, plaintiff may have a more substantial ground for seeking exclusion.
Insofar as the motion seeks to exclude evidence of defects in the work of subcontractors other than plaintiff, however, the motion stands on firmer ground. The statute, G.L.c. 254, §4, gives the subcontractor a lien that may “in no event exceed the amount due or to become due under the original contract when notice of the filing of the subcontract is given by the subcontractor to the owner.”
Statutes are to be construed in accordance with the plain and ordinary meaning of the words they contain considered in the context of the statute’s aims and purposes. See, e.g., Heritage Jeep-Eagle v. Chrysler Corp., 39 Mass App. Ct. 254, 258 (1995). This statute was designed to provide subcontractors with means for securing the general contractor’s obligation to pay for work the subcontractor performed, not to make subcontractors guarantors of work performed by all other subcontractors. At the same time, the statute was designed to limit the owner’s exposure to the amount remaining due on the contract at the time notice of the contract is given so that the owner can insure payment to the subcontractor, if necessary by withholding some portion of the unpaid contract price.
All goals the statute is designed to insure will be advanced if the quoted language is read to provide that the maximum amount of the lien is determined by subtracting from the contract price the amount paid under the contract by the time the owner receives notice of the subcontractor’s contract. So construed, deficiencies in the work performed by other subcontractors are irrelevant to any calculation of the lien amount and thus shall be excluded from the evidence at trial.
ORDER
In light of the foregoing, it is hereby ORDERED that plaintiffs Motion in Limine (Paper No. 17) should be, and it hereby is, ALLOWED in part and DENIED in part in a manner consistent with the foregoing opinion.